**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ALFONSO BARKER-HERNANDEZ** **DOCKET NO. 2:23-CV-1267**
**SECTION P**

**VERSUS** **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ, JR., ET AL** **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Alfonso Barker-Hernandez on September 13, 2003. Doc. 1. At the time of filing, Barker-Hernandez was an inmate in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner has since been released from BOP custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, IT IS RECOMMENDED that this petition for habeas corpus should be DENIED AND DISMISSED because petitioner's claims are MOOT.

## I. BACKGROUND

Barker-Hernandez filed the instant petition challenging his detention. Doc. 1. He asked this Court to evaluate his "excess or false detention claim" and release him from BOP custody if appropriate. *Id*.

While the matter was pending, petitioner was released from BOP custody on November 13, 2023.[1] On November 17, 2023, petitioner notified the Court of his release from BOP custody into ICE detention. Doc. 5.

**II.**
**LAW & APPLICATION**

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. *See Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons*, 220 Fed. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (*citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 2005 WL 2473569, at * (5th Cir. Oct.6, 2005) (citation omitted).

Because petitioner has been released to ICE custody, the Court can no longer provide him with the relief requested. Moreover, he does not allege that in the wake of his release to ICE custody he continues to be subject to future adverse consequences related to his petition. *Bailey*, 821 F.2d at 278. Dismissal on that basis is recommended.

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE